907 So.2d 1138 (2005)
In re AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR AND THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.
No. SC04-135.
Supreme Court of Florida.
May 12, 2005.
Honorable Claudia R. Isom, Chair, Rules of Judicial Administration Committee, Plant City, FL, John F. Harkness, Jr., Executive Director, Miles A. McGrane, III, President, Kelly Overstreet Johnson, President-elect, *1139 Alan Bookman, President-elect Designate, Paul F. Hill, General Counsel, Mary Ellen Bateman, Director, Legal Division, Ethics, UPL, Professionalism, and Lori Holcomb, Director, Unlicensed Practice of Law, The Florida Bar, Tallahassee, FL, and John A. Yanchunis, Chair, Special Commission on the Multijurisdictional Practice of Law 2002, Tampa, FL, for Petitioners.
Jose I. Astigarraga, Edward M. Mullins, Edward H. Davis, Jr., and Elena M. Marlow, The International Law Section of The Florida Bar, Miami, Florida, Stephen T. Maher of Shutts and Bowen, LLP, The Florida Bar Business Law Section, Miami, Florida; Joseph R. Giannini, Director, The National Association for the Advancement of Multijurisdictional Practice, Los Angeles, CA; Kathy M. Klock, R. Michael Underwood and Jonathan Brennan Butler of Steel Hector and Davis, The Securities Industry Association Arbitration Committee, West Palm Beach, FL; Stanford R. Solomon of Solomon Tropp Law Group, P.A., Chair, The Judicial Administration Committee, Tampa, FL; Frederick J. Krebs, President and Susan Hackett, Senior Vice President and General Counsel, Association of Corporate Counsel, Washington, DC; Charles W. Austin, Jr., President, Public Investors Arbitration Bar Association; and Stephen Krosschell of Goodman and Nekvasil, P.A., Clearwater, FL, for Proponents.
PER CURIAM.
The Florida Bar has filed a petition to amend the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration to address the multijurisdictional practice of law.[1] We have jurisdiction. See art. V, §§ 2(a), 15, Fla. Const. We adopt the amendments.

BACKGROUND
The proposed amendments are the result of an extensive, well-deliberated process. In July 2000, the American Bar Association (ABA) appointed a commission to study the multijurisdictional practice of law, which is described as a lawyer providing legal services in a jurisdiction where that lawyer is not licensed to practice law. Currently, the practice is prohibited in Florida pursuant to case law and the rules. See Fla. Bar v. Rapoport, 845 So.2d 874 (Fla.2003) (respondent, who was licensed to practice law outside Florida and was not a member of The Florida Bar, engaged in the unlicensed practice of law because he represented parties in Florida). See generally R. Regulating Fla. Bar 4-5.5.
The ABA commission sought input from state bars and interested parties. In response, in 2001, The Florida Bar established a Special Commission on the Multijurisdictional Practice of Law (Commission I) to study the ABA report. In March 2002, Commission I made several recommendations to The Florida Bar Board of Governors. The Board adopted all of the recommendations.
In August 2002, the ABA adopted a final report and recommendations regarding the multijurisdictional practice of law. Therefore, a second Florida Bar Multijurisdictional Practice of Law Commission (Commission II) was appointed to study the ABA's final report and make any appropriate recommendations for changes in the *1140 Florida rules. Commission II prepared a report and made recommendations, which were circulated to The Florida Board of Bar Examiners, the Young Lawyers Division of The Florida Bar, the Special Committee to Review the ABA Model Rules 2002, the Professional Ethics Committee, and the chair and vice-chairs of the Rules of Judicial Administration Committee.
The recommendations of Commission II were published in the April 15, 2003, issue of The Florida Bar News. Subsequently, representatives of the International Law Section and the Business Law Section of the Bar contributed to the development of the amendments. As a result of concerns that were raised during this process, the Bar reconvened Commission II to further consider the multijurisdictional practice of law. Thereafter, Commission II issued a final report and recommended changes in the Florida rules. The Board adopted the final report of Commission II on December 5, 2003.
Pursuant to Rule Regulating the Florida Bar 1-12.1, the Bar published the proposed amendments for comment in the January 1, 2004, issue of The Florida Bar News. On February 9, 2004, the Bar filed the instant petition. After receiving eight comments, the Court held oral argument.

ANALYSIS
Numerous interested individuals and entities, at both state and national levels, have collaborated for several years in the study and development of the proposed amendments. Further, The Florida Bar and its members engaged in an extensive, concerted effort to modify the ABA's original proposals to address issues specific to Florida and to provide appropriate disciplinary procedures. Thus, the amendments are based on a thorough study of the Rules Regulating the Florida Bar.
As needs and the practice of law have changed, this Court has responded by improving the methods for providing legal services. See, e.g., Amendments to Rules Regulating Fla. Bar & Fla. Family Law Rules of Procedure (Unbundled Legal Services), 860 So.2d 394 (Fla.2003). Similarly, due to changes in needs and in the practice of law, we adopt the proposed amendments. The Court's goal in adopting the amendments is to implement changes that improve legal services for the public by permitting the limited, temporary multijurisdictional practice of law but at the same time protecting the public, the legal profession, and the judiciary. Although the concept of the multijurisdictional practice of law is not new, the Court has concerns that difficulties may arise once these amendments are enacted. Thus, the Court and The Florida Bar must remain vigilant to make sure that the amendments operate as envisioned so that legal services are enhanced and not frustrated.
According to the Bar, the multijurisdictional practice of law includes legal services in any area of the law, which could occur at any stage of representation. The client can be either from the state where the lawyer is licensed ("home state") or where the lawyer wishes to practice or provide the services ("host state"). The activity usually takes place on a temporary or occasional basis. Currently, the multijurisdictional practice of law is prohibited in Florida. See Rapoport. To implement this practice in Florida, several amendments to the Rules Regulating the Florida Bar and one amendment to the Florida Rules of Judicial Administration are necessary. Because the other amendments flow from the amendment to Rule Regulating the Florida Bar 4-5.5, "Unlicensed Practice of Law; Multijurisdictional Practice of Law," the amendments are categorized below *1141 into three areas: (1) Multijurisdictional Practice of Law, Rule 4-5.5; (2) Reciprocal Discipline; and (3) Pro Hac Vice Admission.[2]

Multijurisdictional Practice of Law, Rule 4-5.5
Currently, the rules and case law provide that a lawyer licensed to practice law in another state or country, but not in Florida, cannot, except in very limited circumstances, provide legal advice or services in Florida or involving Florida law. Such a structure does not recognize the reality of modern legal practices. Thus, the amendment to Rule Regulating the Florida Bar 4-5.5 relaxes the restrictions and permits temporary practice in Florida by non-Florida lawyers.
The amendment recognizes that there may be times when other law, such as a federal rule or regulation, allows a lawyer to have a regular presence in Florida. Also, the amendment provides safeguards because it permits only lawyers who have not been disbarred or suspended from the practice of law in any jurisdiction, or who have not been held in contempt in Florida due to misconduct, to provide temporary legal services in Florida.
The amendment also sets forth categories and limitations of temporary practice governing lawyers who are admitted to practice law in non-Florida jurisdictions. In brief, the categories include non-Florida and non-U.S. lawyers who practice temporarily in Florida by (1) associating with a Florida Bar member who actively participates in the matter; (2) engaging in pre-pro hac vice admission activity; (3) rendering legal services in a pending or potential arbitration, mediation, or other alternative dispute resolution context; (4) providing services not covered by the other provisions, based on specific nexus conditions; and (5) providing services that are governed primarily by international law or the law of a non-U.S. jurisdiction in which the lawyer is a member.

Reciprocal Discipline
The amendments to Rules Regulating the Florida Bar 3-2.1, "Generally" (definitions); 3-4.1, "Notice and Knowledge of Rules; Jurisdiction over Attorneys of Other States and Foreign Countries"; 3-4.6, "Discipline by Foreign or Federal Jurisdiction; Choice of Law"; and 3-7.2, "Procedures upon Criminal or Professional Misconduct; Discipline upon Determination or Judgment of Guilt of Criminal Misconduct," create a process for meaningful discipline of a lawyer both in the host state and, more importantly, in the home state. Without such a process, the amendment to rule 4-5.5 would not provide sufficient protection from attorney misconduct for the courts, lawyers, and people of the host state.
The amendment to rule 3-2.1 establishes a definition for the term "final adjudication." This is necessary because rule 3-7.2 sets forth procedures that apply when a lawyer has engaged in criminal or professional misconduct, including when there has been a "final adjudication" in a foreign jurisdiction. Thus, to clarify matters, this amendment defines the term.
The amendment to rule 3-4.1, "Notice and Knowledge of Rules; Jurisdiction over Attorneys of Other States and Foreign Countries," states that this Court and its agencies have disciplinary jurisdiction over attorneys of other states and foreign countries who provide or offer to provide any legal services in Florida. The disciplinary *1142 authority is limited to conduct as an attorney, in relation to the business for which the attorney was permitted to practice in this state.
The amendment to rule 3-4.6, "Discipline by Foreign or Federal Jurisdiction; Choice of Law," expands the current rule by specifying that an attorney may be subject to discipline in Florida regardless of where the attorneys questionable conduct may have occurred. Also, the amendment clarifies that the attorney may be subject to discipline in more than one jurisdiction. Further, the amendment adds choice of law provisions to determine which jurisdiction's rules of professional conduct may be applied in a disciplinary action.
The amendment to rule 3-7.2, "Procedures upon Criminal or Professional Misconduct; Discipline upon Determination or Judgment of Guilt of Criminal Misconduct," adds, in subdivision (j)(1), the requirement that an attorney must provide the executive director of The Florida Bar with a copy of a notice of a disciplinary sanction from another jurisdiction. The attorney must provide the notice to the Bar within thirty days after the effective date of the sanction.

Pro Hac Vice Admission
The amendments to Florida Rule of Judicial Administration 2.061, "Foreign Attorneys," and Rule Regulating the Florida Bar 1-3.10, "Appearance by Non-Florida Lawyer in a Florida Court," and new Rule Regulating the Florida Bar 1-3.11, "Appearance by Non-Florida Lawyer in an Arbitration Proceeding in Florida," change the rules to provide better protection to the public, the bar, and the judicial system when an attorney is seeking pro hac vice admission.
Pro hac vice admission permits a lawyer from another state to practice before the Florida courts in a specific matter. Because it involves lawyers from a home state practicing in a host state, pro hac vice admission is an aspect of the multijurisdictional practice of law. Generally, the pro hac vice admission process is governed by Florida Rule of Judicial Administration 2.061, "Foreign Attorneys." The counterpart to rule 2.061 is Rule Regulating the Florida Bar 1-3.10, "Appearance by Non-Florida Lawyer in a Florida Court."
Current Florida Rule of Judicial Administration 2.061 provides that a non-Florida lawyer is presumed to be engaged in a "general practice" if the lawyer makes more than three appearances within a 365-day period in separate "and unrelated" representations. That rule provides a court with discretion to allow more than three appearances upon a showing that the appearances are not a general practice, or that denial would result in a substantial hardship on the client. Due to reports that non-Florida attorneys were abusing the current rule, the amendment deletes the language that authorized judicial discretion to permit more than three pro hac vice appearances in a 365-day period and to allow additional pro hac vice appearances in related litigation.[3] More than *1143 three appearances within a 365-day period suggests that the non-Florida attorney is engaging in a regular practice in Florida. Non-Florida attorneys who tend to regularly practice in Florida may always seek to gain admission to The Florida Bar.
The amendment for rule 2.061 also requires the use of a form motion (included in the amendment), which standardizes requests for pro hac vice appearances throughout Florida's court system.
The amendments to Rule Regulating the Florida Bar 1-3.10 provide consistency by revising rule 1-3.10 to conform with the concepts in the amendment to rule 2.061.
Next, new Rule Regulating the Florida Bar 1-3.11, "Appearance by Non-Florida Lawyer in an Arbitration Proceeding in Florida," is patterned after the amendments to Rule Regulating the Florida Bar 1-3.10 and sets forth procedures for an attorney licensed in another state or foreign country to represent a client in an arbitration proceeding in Florida on a temporary basis. The appearance must be for a client who resides or has an office in the lawyers home state, or is an appearance that arises out of, or is reasonably related to, the lawyers practice in a jurisdiction in which the lawyer is admitted.
New rule 1-3.11 establishes different procedures for standard arbitration and international arbitration. Lawyers who appear in international arbitrations are exempt from certain requirements of this rule (i.e., notice to the Bar; payment of a fee; and the three-appearance limitation), due to the realities of this type of practice. Comments were filed criticizing the new rule for distinguishing between standard arbitration and international arbitration. However, the Court recognizes that the new rule is an attempt to balance the regulation of out-of-state practitioners, protection of the public, expansion of the multijurisdictional practice of law, and recognition of international business practices.

CONCLUSION
Accordingly, we adopt the amendments to the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration as set forth in the appendix to this opinion. Deletions are indicated by struck-through type and new language is indicated by underscoring. Comments are included for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective immediately.
Further, the Court directs the Bar to monitor the implementation of these amendments and any challenges that arise and report back to the Court within two years from the effective date of these amendments with recommendations for improvements or changes, if any.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

FLORIDA RULES OF JUDICIAL ADMINISTRATION

RULE 2.061. FOREIGN ATTORNEYS
(a) Eligibility. Upon filing a verified motion with the court showing that the *1144 attorney is an active member in good standing of the bar of another state, such an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident; (2) is an inactive or suspended member of The Florida Bar, or has been disbarred or has received a disciplinary resignation from The Florida Bar a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; or (4) has failed to provide notice to The Florida Bar or pay the filing fee as required in subdivision (b)(7); or (45) is engaged in a "general practice" before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate and unrelated representations shall be presumed to be a "general practice."; provided, however, that the court shall have discretion to allow other appearances upon a showing that the appearances are not a "general practice," or that denial will work a substantial hardship on the client. In cases involving indigent clients, the court may waive the filing fee for good cause shown.
(b) Contents of Verified Motion. A form verified motion accompanies this rule and shall be utilized by the foreign attorney. The verified motion required by subdivision (a) shall include:
(1) a statement identifying all jurisdictions in which the attorney is an active member in good standing and currently eligible to practice law;
(2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied;
(3) a statement identifying all jurisdictions in which the attorney has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the attorney has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, and the penalty imposed;
(4) a statement identifying the date on which the legal representation at issue commenced, and the party or parties represented;
(5) a statement that all applicable provisions of these rules and the Rules Regulating The Florida Bar have been read, and that the verified motion complies with those rules;
(6) the name, record bar address, and membership status of the Florida Bar member or members associated for purposes of the representation;
(7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 *1145 filing fee made payable to The Florida Bar or notice of the waiver of the fee; and
(8) a verification by the attorney seeking to appear pursuant to this rule and the signature of the Florida Bar member or members associated for purposes of the representation.
IN THE CIRCUIT COURT OF THE __________ JUDICIAL CIRCUIT, IN AND FOR
 _______, COUNTY, FLORIDA
_______________________________ Case No. ________________
 Plaintiff
 Division ________________
VS.
_______________________________
 Defendant
VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO
 FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.061
 Comes now ____________________, Movant herein, and respectfully represents the following:
 1. Movant resides at ___________________________________________________________
 (Street Address)
____________________, ___________________________, __________________________
 (City) (County) (State)
____________________, _______________________________, _____________________________
(Zip Code), (Telephone with area code), (Social Security Number)
and is not a resident of the State of Florida.
 2. Movant is an attorney and a member of the law firm of (or practices law under the
name of) ________________________________________________________________, with offices
at ______________________________________________________, ___________________
 (Street Address) (City)
_________________, ________________, __________________, __________________,
 (County) (State) (Zip Code) (Telephone)
 3. Movant has been retained personally or as a member of the above-named law firm on
____________________________________ by ________________________________________________
(Date Representation Commenced) (Name of Party or Parties)
________________________________________________________________________________________
to provide legal representation in connection with the above-styled matter now pending before
the above-named court of the State of Florida.
 4. Movant is an active member in good standing and currently eligible to practice law in
the following jurisdiction(s): (attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
 5. There are no disciplinary proceedings pending against Movant, except as provided
below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the
violation and the sanction, if any, imposed):
*1146
(attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
 6. Within the past five (5) years, Movant has not been subject to any disciplinary
proceedings, except as provided below (give jurisdiction of disciplinary action, date of
disciplinary action, nature of the violation and the sanction, if any, imposed):
(attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
 7. Movant has never been subject to any suspension proceedings, except as provided
below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the
violation and the sanction, if any, imposed):
(attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
 8. Movant has never been subject to any disbarment proceedings, except as provided
below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the
violation and the sanction, if any, imposed):
(attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
 9. Movant, either by resignation, withdrawal, or otherwise, never has terminated or
attempted to terminate Movant's office as an attorney in order to avoid administrative,
disciplinary, disbarment, or suspension proceedings.
 10. Movant is not an inactive member of The Florida Bar.
 11. Movant is not now and has never been a member of The Florida Bar.
 12. Movant is not a suspended member of The Florida Bar.
 13. Movant is not a disbarred member of The Florida Bar nor has Movant received a
disciplinary resignation from The Florida Bar.
 14. Movant has not previously been disciplined or held in contempt by reason of
misconduct committed while engaged in representation pursuant to Florida Rule of Judicial
Administration 2.061, except as provided below (give date of disciplinary action or contempt,
reasons therefor, and court imposing contempt):
(attach additional sheet if necessary)
____________________________________________________________________________________________
____________________________________________________________________________________________
____________________________________________________________________________________________
*1147
___________________________________________________________________________________________
___________________________________________________________________________________________
 15. Movant has filed motion(s) to appear as counsel in Florida state courts during the past
five (5) years in the following matters: (attach additional sheet if necessary)
Date of Motion Case Name Case Number Court Motion Granted/Denied
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
 16. Local counsel of record associated with Movant in this matter is _____________________
________________________________ who is an active member in good standing of The
 (Name and Florida Bar Number)
Florida Bar and has offices at ____________________________________________________________
 (Street Address)
______________, ______________, Florida, ____________________________________
 (City) (County) (Zip Code)
_____________________________________
 (Telephone with area code).
(If local counsel is not an active member of The Florida Bar in good standing, please provide
information as to local counsel's membership status. ____________________)
 17. Movant has read the applicable provisions of Florida Rule of Judicial Administration
2.061 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified
motion complies with those rules.
 18. Movant agrees to comply with the provisions of the Florida Rules of Professional
Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.
 WHEREFORE, Movant respectfully requests permission to appear in this court for this
cause only.
 DATED this ____ day of ____________________, 20 ____.
 ______________________________________
 Movant
STATE OF _______________
COUNTY OF __________________
 I, ____________________, do hereby swear or affirm under penalty of perjury that I am the
Movant in the above-styled matter; that I have read the foregoing Motion and know the
contents thereof, and the contents are true of my own knowledge and belief.
 ______________________________
 Movant/Affiant
The foregoing instrument was acknowledged before me this ____ day of ______, 20__, by
__________ who is personally known to me or who has produced _______ as identification
and who did take an oath.
____ day of __________, 20 ____.
____________________ Notary Public
Notary Public (Signature)
____________________
(Printed or Typed Name)
*1148
Commission Number: __________
My commission expires:
 I hereby consent to be associated as local counsel of record in this cause pursuant to
Florida Rule of Judicial Administration 2.061.
 DATED this ____ day of _______________, 20____.
 __________________________________
 Local Counsel of Record
 __________________________________
 Florida Bar Number
 CERTIFICATE OF SERVICE
 I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished
by U.S. mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee,
Florida XXXXX-XXXX accompanied by payment of the $250.00 filing fee made payable to The
Florida Bar and to _______________________________________________________________
________________________________________________________________________________________
________________________________________________________________________________________
 Name and Address of All Counsel of Record and of Parties Not Represented by Counsel
this ____ day of _______________, 20 ____.
 __________________________________
 Movant

RULES REGULATING THE FLORIDA BAR

RULE 1-3.10. APPEARANCE BY NON-FLORIDA LAWYER IN A FLORIDA COURT
(a) Non-Florida Lawyer With Professional Business in Florida Appearing in a Florida Court. A practicing lawyer of another state, in good standing and currently eligible to practice, may, upon association of a member of The Florida Bar, in good standing, and verified motion, be permitted to practice upon such conditions as the court deems appropriate under the circumstances of the case. Such lawyer shall comply with the applicable portions of this rule and the Florida Rules of Judicial Administration.
(1) Application of Rules Regulating The Florida Bar. Lawyers permitted to appear by this rule shall be subject to these Rules Regulating The Florida Bar while engaged in the permitted representation.
(2) General Practice Prohibited. Non-Florida lawyers shall not be permitted to engage in a general practice before Florida courts. For purposes of this rule more than 3 appearances within a 365-day period in separate and unrelated representations shall be presumed to be a "general practice,." provided, however, that the court shall have discretion to allow other appearances upon a showing that the appearances are not a "general practice" or that denial will work a substantial hardship on the client.
(3) Effect of Professional Discipline or Contempt. Non-Florida lawyers who have been disciplined or held in contempt by reason of misconduct committed while engaged in representation that is permitted by this rule shall thereafter be denied admission under this rule and the applicable provisions of the Florida Rules of Judicial Administration.
(4) Inactive, Suspended, and Former Members of The Florida Bar Prohibited. This rule and the applicable portions of the Florida Rules of Judicial Administration shall not be construed to permit the admission *1149 of inactive, suspended, and former members of The Florida Bar to courts of record in this state. Inactive, suspended, and former members of The Florida Bar who seek admission under this rule and the applicable provisions of the Florida Rules of Judicial Administration shall disclose current Florida Bar membership status to the courts. Failure to make such disclosure shall serve as a basis for denial of leave to appear and a bar to future appearances in Florida courts of record under this rule and the applicable portions of the Florida Rules of Judicial Administration.
(b) Lawyer Prohibited From Appearing. No lawyer is authorized to appear pursuant to this rule or the applicable portions of the Florida Rules of Judicial Administration if the lawyer:
(1) is disbarred or suspended from practice in any jurisdiction;
(2) is a Florida resident;
(3) is a member of The Florida Bar but ineligible to practice law;
(4) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule;
(5) has failed to provide notice to The Florida Bar or pay the filing fee as required by this rule; or
(6) is engaged in a "general practice" as defined elsewhere in this rule.
(bc) Content of Verified Motion for Leave to Appear. Any verified motion filed under this rule or the applicable provisions of the Florida Rules of Judicial Administration shall include:
(1) a statement of the current Florida Bar membership status of the lawyer, if anyidentifying all jurisdictions in which the lawyer is currently eligible to practice law;
(2) a statement indicating the lawyer is currently a member in good standing of a jurisdiction other than Floridaidentifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied;
(3) a statement indicating the date the legal representation at issue commenced and the party(ies) representedidentifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or all jurisdictions in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, as appropriate;
(4) a statement identifying, by the date, case name, and case number, all other matters in which temporary admission has been sought in the state of Florida in the prior 5 years and whether such admission has been granted or denied on which the legal representation at issue commenced and the party or parties represented;
(5) a statement that all applicable provisions of this rule and the applicable provisions of the Florida Rules of Judicial Administration have been read and that the verified motion for leave to appear is filed in compliance therewithcomplies with those rules;
(6) the name, record bar address, and membership status of the member(s) of The Florida Bar member or members associated for purposes of the representation; and
(7) a certificate indicating service of the verified motion upon all counsel of record *1150 in the matter in which leave to appear pro hac vice is sought. and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar or notice of the waiver of the fee; and
(8) a verification by the lawyer seeking to appear pursuant to this rule or the applicable provisions of the Florida Rules of Judicial Administration and the signature of the Florida Bar member or members associated for purposes of the representation.

RULE 1-3.11. APPEARANCE BY NON-FLORIDA LAWYER IN AN ARBITRATION PROCEEDING IN FLORIDA
(a) Non-Florida Lawyer Appearing in an Arbitration Proceeding in Florida. A lawyer currently eligible to practice law in another United States jurisdiction or a non-United States jurisdiction may appear in an arbitration proceeding in this jurisdiction if the appearance is:
(1) for a client who resides in or has an office in the lawyer's home state; or
(2) where the appearance arises out of or is reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; and
(3) the appearance is not one that requires pro hac vice admission. Such lawyer shall comply with the applicable portions of this rule and of rule 4-5.5.
(b) Lawyer Prohibited from Appearing. No lawyer is authorized to appear pursuant to this rule if the lawyer:
(1) is disbarred or suspended from practice in any jurisdiction;
(2) is a Florida resident;
(3) is a member of The Florida Bar but ineligible to practice law;
(4) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule;
(5) has failed to provide notice to The Florida Bar or pay the filing fee as required by this rule, except that neither notice to The Florida Bar nor a fee shall be required for lawyers appearing in international arbitrations; or
(6) is engaged in a "general practice" as defined elsewhere in these rules.
(c) Application of Rules Regulating the Florida Bar. Lawyers permitted to appear by this rule shall be subject to these Rules Regulating the Florida Bar while engaged in the permitted representation, including, without limitation, rule 4-5.5.
(d) General Practice Prohibited. Non-Florida lawyers shall not be permitted to engage in a general practice pursuant to this rule. In all arbitration matters except international arbitration, a lawyer who is not admitted to practice law in this jurisdiction who files more than 3 demands for arbitration or responses to arbitration in separate arbitration proceedings in a 365-day period shall be presumed to be engaged in a "general practice."
(e) Content of Verified Statement for Leave to Appear. In all arbitration proceedings except international arbitrations, prior to practicing pursuant to this rule, the non-Florida lawyer shall file a verified statement with The Florida Bar and serve a copy of the verified statement on opposing counsel, if known. If opposing counsel is not known at the time the verified statement is filed with The Florida Bar, the non-Florida lawyer shall serve a copy of the verified statement on opposing counsel within 10 days of learning the identity of *1151 opposing counsel. The verified statement shall include:
(1) a statement identifying all jurisdictions in which the lawyer is currently eligible to practice law;
(2) a statement identifying by date, case name, and case number all other arbitration proceedings in which the non-Florida lawyer has appeared in Florida in the preceding 5 years; however, if the case name and case number are confidential pursuant to an order, rule, or agreement of the parties, this information does not need to be provided and only the dates of prior proceedings must be disclosed;
(3) a statement identifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, as appropriate;
(4) a statement identifying the date on which the legal representation at issue commenced and the party or parties represented; however, if the name of the party or parties is confidential pursuant to an order, rule, or agreement of the parties, this information does not need to be provided and only the date on which the representation commenced must be disclosed;
(5) a statement that all applicable provisions of this rule have been read and that the verified statement complies with this rule;
(6) a certificate indicating service of the verified statement upon all counsel of record in the matter and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar; however, such fee may be waived in cases involving indigent clients; and
(7) a verification by the lawyer seeking to appear pursuant to this rule.
In addition, the copy of the verified statement filed with The Florida Bar must contain the social security number of the non-Florida attorney. This information need not be supplied to opposing counsel.

Comment
This rule applies to arbitration proceedings held in Florida where 1 or both parties are being represented by a lawyer admitted in another United States jurisdiction or a non-United States jurisdiction. For the most part, the rule applies to any type of arbitration proceeding and any matter being arbitrated. However, entire portions of subdivision (d) and subdivision (e) do not apply to international arbitrations. For the purposes of this rule, an international arbitration is defined as the arbitration of disputes between 2 or more persons at least 1 of whom is a nonresident of the United States or between 2 or more persons all of whom are residents of the United States if the dispute (1) involves property located outside the United States, (2) relates to a contract or other agreement which envisages performance or enforcement in whole or in part outside the United States, (3) involves an investment outside the United States or the ownership, management, or operation of a business entity through which such an investment is effected or any agreement pertaining to any interest in such an entity, (4) bears some other relation to 1 or more foreign countries, or (5) involves 2 or more persons at least 1 of whom is a foreign state as defined in 28 U.S.C. § 1603. International arbitration does not include the arbitration of any dispute pertaining *1152 to the ownership, use, development, or possession of, or a lien of record upon, real property located in Florida or any dispute involving domestic relations.
The exceptions provided in this rule for international arbitrations in no way exempt lawyers not admitted to The Florida Bar and appearing in Florida courts from compliance with the provisions of rule 1-3.10 and any applicable rules of judicial administration, regardless of whether the court proceeding arises out of or is related to the subject of a dispute in an international arbitration. For example, a lawyer not a member of The Florida Bar could not appear in a Florida court or confirm or vacate an award resulting from an international arbitration without being authorized to appear pro hac vice and without complying with all requirements contained in rule 1-3.10 and the applicable rules of judicial administration.

3-2. DEFINITIONS

RULE 3-2.1. GENERALLY
Wherever used in these rules the following words or terms shall have the meaning herein set forth unless the use thereof shall clearly indicate a different meaning:
(a) Bar Counsel. A member of The Florida Bar representing The Florida Bar in any proceeding under these rules.
(b) The Board or the Board of Governors. The board of governors of The Florida Bar.
(c) Complainant or Complaining Witness. Any person who has complained of the conduct of any member of The Florida Bar to any officer or agency of The Florida Bar.
(d) This Court or the Court. The Supreme Court of Florida.
(e) Court of this State. A state court authorized and established by the constitution or laws of the state of Florida.
(f) Diversion to Practice and Professionalism Enhancement Programs. The removal of a disciplinary matter from the disciplinary system and placement of the matter in a skills enhancement program in lieu of a disciplinary sanction.
(g) Executive Committee. The executive committee of the board of governors of The Florida Bar.
(h) Executive Director. The executive director of The Florida Bar.
(i) Practice and Professionalism Enhancement Programs. Programs operated either as a diversion from disciplinary action or as a part of a disciplinary sanction that are intended to provide educational opportunities to members of the bar for enhancing skills and avoiding misconduct allegations.
(j) Probable Cause. A finding by an authorized agency that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action.
(k) Referral to Practice and Professionalism Enhancement Programs. Placement of a lawyer in skills enhancement programs as a disciplinary sanction.
(l) Referee. A judge or retired judge appointed to conduct proceedings as provided under these rules.
(m) Respondent. A member of The Florida Bar or an attorney subject to these rules who is accused of misconduct or whose conduct is under investigation.
(n) Staff Counsel. The director of the legal division and an employee of The Florida Bar.
*1153 (o) Chief Branch Discipline Counsel. Chief branch discipline counsel is the counsel in charge of a branch office of The Florida Bar. Any counsel employed by The Florida Bar may serve as chief branch discipline counsel at the direction of the regularly assigned chief branch discipline counsel or staff counsel.
(p) Designated Reviewer. The designated reviewer is a member of the board of governors responsible for review and other specific duties as assigned by the board of governors with respect to a particular grievance committee or matter. If a designated reviewer recuses or is unavailable, any other board member may serve as designated reviewer in that matter. The designated reviewer will be selected, from time to time, by the board members from the circuit of such grievance committee. In circuits having an unequal number of grievance committees and board members, review responsibility will be reassigned, from time to time, to equalize workloads. On such reassignments responsibility for all pending cases from a particular committee passes to the new designated reviewer. The chief branch discipline counsel will be given written notice of changes in the designated reviewing members for a particular committee.
(q) Final Adjudication. A decision by the authorized disciplinary authority or court issuing a sanction for professional misconduct that is not subject to judicial review except on direct appeal to the Supreme Court of the United States.

3-4. STANDARDS OF CONDUCT

RULE 3-4.1. NOTICE AND KNOWLEDGE OF RULES; JURISDICTION OVER ATTORNEYS OF OTHER STATES AND FOREIGN COUNTRIES
Every member of The Florida Bar and every attorney of another state or foreign country who is admitted to practice for the purpose of a specific case before a court of record of this state provides or offers to provide any legal services in this state is within the jurisdiction and subject to the disciplinary authority of this court and its agencies under this rule and is charged with notice and held to know the provisions of this rule and the standards of ethical and professional conduct prescribed by this court. Jurisdiction over an attorney of another state who is not a member of The Florida Bar shall be limited to conduct as an attorney in relation to the business for which the attorney was permitted to practice in this state and the privilege in the future to practice law in the state of Florida.

RULE 3-4.6. DISCIPLINE BY FOREIGN OR FEDERAL JURISDICTION ; CHOICE OF LAW
(a) Disciplinary Authority. An attorney admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the attorney's conduct occurs. An attorney may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct. A final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.
(b) Choice of Law. In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:
(1) for conduct in connection with a matter pending before a tribunal, the rules of *1154 the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and
(2) for any other conduct, the rules of the jurisdiction in which the attorney's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct.

RULE 3-7.2. PROCEDURES UPON CRIMINAL OR PROFESSIONAL MISCONDUCT; DISCIPLINE UPON DETERMINATION OR JUDGMENT OF GUILT OF CRIMINAL MISCONDUCT
(a) Definitions.
(1) Judgment of Guilt. For the purposes of these rules, "judgment of guilt" shall include only those cases in which the trial court in the criminal proceeding enters an order adjudicating the respondent guilty of the offense(s) charged.
(2) Determination of Guilt. For the purposes of these rules, "determination of guilt" shall include only those cases in which the trial court in the criminal proceeding enters an order withholding adjudication of the respondent's guilt of the offense(s) charged.
(3) Convicted Attorney. For the purposes of these rules, "convicted attorney" shall mean an attorney who has had either a determination or judgment of guilt entered by the trial court in the criminal proceeding.
(b) Determination or Judgment of Guilt. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial of or plea to any crime or offense that is a felony under the laws of this state, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be conclusive proof of guilt of the criminal offense(s) charged for the purposes of these rules.
(c) Notice of Determination or Judgment of Guilt. Upon the entry of a determination or judgment of guilt against a member of The Florida Bar by a court of competent jurisdiction upon trial of or plea to any offense that is a felony under the laws applicable to such court, such convicted attorney shall within 30 days of such determination or judgment notify the executive director of The Florida Bar of such determination or judgment. Notice shall include a copy of the order(s) whereby such determination or judgment was entered.
(d) Notice of Determination or Judgment of Guilt by Courts of the State of Florida. If any such determination or judgment is entered by a court of the State of Florida, the judge or clerk thereof shall transmit to the Supreme Court of Florida and the executive director of The Florida Bar a certified copy of the order(s) whereby the determination or judgment was entered.
(e) Suspension by Judgment of Guilt (Felonies). Upon receiving notice that a member of the bar has been determined or adjudicated guilty of a felony, bar counsel will file a "Notice of Determination or Judgment of Guilt" in the Supreme Court of Florida. A copy of the judgment shall be attached to the notice. Upon the filing with the Supreme Court of Florida by The Florida Bar and service upon the respondent of a notice of determination or judgment of guilt for offenses that are felonies under applicable law, the respondent shall stand suspended as a member of The Florida Bar on the eleventh day after filing of *1155 the notice of determination or judgment of guilt unless the respondent shall, on or before the tenth day after filing of such notice, file a petition to terminate or modify such suspension.
(f) Petition to Modify or Terminate Suspension.
(1) At any time after the filing of a notice of determination or judgment of guilt, the respondent may file a petition with the Supreme Court of Florida to modify or terminate such suspension and shall serve a copy thereof upon the executive director.
(2) If such petition is filed on or before the tenth day following the filing of the notice, the suspension will be deferred until entry of an order on the petition.
(3) If such petition is filed after the tenth day following the filing of the notice of judgment of guilt, the suspension shall remain in effect pending disposition of the petition. Modification or termination of the suspension shall be granted only upon a showing of good case.
(g) Response to Petition to Modify or Terminate Automatic Suspension. The Florida Bar shall be allowed 20 days from the filing of a petition to modify or terminate automatic suspension to respond to the same. Bar counsel will oppose all petitions to modify or withhold an automatic suspension on a notice of determination or judgment of guilt unless the designated reviewer recommends and the executive committee concurs in not opposing such a petition.
(h) Term of Suspension.
(1) Maximum Term of Suspension. Unless the Supreme Court of Florida permits an earlier application for reinstatement, the suspension imposed on the determination or judgment of guilt shall remain in effect for 3 years and thereafter until civil rights have been restored and until the respondent is reinstated under rule 3-7.10 hereof.
(2) Continuation During Appeal. A final termination of the criminal cause resulting in the affirmance of a determination or judgment of guilt shall continue the suspension until expiration of all periods for appeal and rehearing.
(3) Continuation of Suspension Until Final Disposition. If an appeal is taken by the respondent from the determination or judgment of the trial court in the criminal proceeding, and on review the cause is remanded for further proceedings, the suspension shall remain in effect until the final disposition of the criminal cause unless modified or terminated by the Supreme Court of Florida as elsewhere provided.
(4) Termination and Expunction of Suspension. A final disposition of the criminal cause resulting in acquittal will terminate the suspension. Upon motion of the respondent, the Supreme Court of Florida may expunge a suspension entered under this rule when a final disposition of the criminal cause has resulted in acquittal.
(5) Effect of Expunction. A respondent who is the subject of a disciplinary history record that is expunged under this rule lawfully may deny or fail to acknowledge the sanctions covered by the expunged record, except when the respondent is a candidate for election or appointment to judicial office.
(i) Separate Disciplinary Action.
(1) Initiation of Action. The Florida Bar may, at any time, initiate separate disciplinary action against the respondent.
*1156 (2) Conclusive Proof of Probable Cause. A determination or judgment of guilt, where the offense is a felony under applicable law, shall constitute conclusive proof of probable cause and The Florida Bar may file a complaint with the Supreme Court of Florida, or proceed under rule 3-7.9, without there first having been a separate finding of probable cause.
(3) Determination or Judgment of Guilt as Evidence. A determination or judgment of guilt, whether for charges that are felony or misdemeanor in nature, shall be admissible in disciplinary proceedings under these rules, and in those cases where the underlying criminal charges constitute felony charges, determinations or judgments of guilt shall, for purposes of these rules, constitute conclusive proof of the criminal offense(s) charged. The failure of a trial court to adjudicate the convicted attorney guilty of the offense(s) charged shall be considered as a matter of mitigation only.
(j) Professional Misconduct in Foreign Jurisdiction.
(1) Notice of Discipline by a Foreign Jurisdiction. A member of The Florida Bar who has submitted a disciplinary resignation or otherwise surrendered a license to practice law in lieu of disciplinary sanction, or has been disbarred or suspended from the practice of law by a court or other authorized disciplinary agency of another state or by a federal court shall within 30 days after the effective date of disbarment or suspension file with the Supreme Court of Florida and the executive director of The Florida Bar a copy of the order or judgment effecting such disbarment or suspension.
(2) Adjudication or Discipline by a Foreign Jurisdiction. In cases of a final adjudication by a court or other authorized disciplinary agency of another jurisdiction, such adjudication of misconduct shall be sufficient basis for the filing of a complaint by The Florida Bar and assignment for hearing before a referee without a finding of probable cause under these rules.

RULE 4-5.5. UNLICENSED PRACTICE OF LAW; MULTIJURISDICTIONAL PRACTICE OF LAW
(a) Practice of Law. A lawyer shall not: (a) practice law in a jurisdiction where doing so violates other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state; or assist another in doing so.
(b) assist a person who is not a member of the bar in the performance of activity that constitutes the unlicensed practice of law.Establishing an Office and Holding Out as Lawyer Prohibited. A lawyer who is not admitted to practice in Florida shall not:
(1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law; or
(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.
(c) Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction. A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule, may provide legal services on a temporary basis in Florida that:
*1157 (1) are undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter;
(2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer or a person the lawyer is assisting is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;
(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction and the services are not services for which the forum requires pro hac vice admission:
(A) if the services are performed for a client who resides in or has an office in the lawyer's home state, or
(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or
(4) are not within subdivisions (c)(2) or (c)(3), and
(A) are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is authorized to practice, or
(B) arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.
(d) Authorized Temporary Practice by Lawyer Admitted in a Non-United States Jurisdiction. A lawyer who is admitted only in a non-United States jurisdiction, who is a member in good standing of a recognized legal profession in a foreign jurisdiction whose members are admitted to practice as lawyers or counselors at law or the equivalent and are subject to effective regulation and discipline by a duly constituted professional body or a public authority, and who has been neither disbarred or suspended from practice in any jurisdiction nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule does not engage in the unlicensed practice of law in Florida when on a temporary basis the lawyer performs services in Florida that:
(1) are undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter;
(2) are in or reasonably related to a pending or potential proceeding before a tribunal held or to be held in a jurisdiction outside the United States if the lawyer, or a person the lawyer is assisting, is authorized by law or by order of the tribunal to appear in such proceeding or reasonably expects to be so authorized;
(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding held or to be held in Florida or another jurisdiction and the services are not services for which the forum requires pro hac vice admission
(A) if the services are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is admitted to practice, or
(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or
(4) are not within subdivisions (d)(2) or (d)(3), and
*1158 (A) are performed for a client who resides or has an office in a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization, or
(B) arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization; or
(5) are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.

Comment
Subdivision (a) applies to unlicensed practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person. A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice. A lawyer may be admitted to practice law in a jurisdiction on a regular basis or may be authorized by court rule or order or by law to practice for a limited purpose or on a restricted basis. Regardless of whether the lawyer is admitted to practice law on a regular basis or is practicing as the result of an authorization granted by court rule or order or by the law, the lawyer must comply with the standards of ethical and professional conduct set forth in these Rules Regulating the Florida Bar.
The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons. Subdivision (b) This rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work. See rule 4-5.3. Likewise, it does not prohibit lawyers from providing professional advice and instruction to nonlawyers whose employment requires knowledge of law; for example, claims adjusters, employees of financial or commercial institutions, social workers, accountants, and persons employed in government agencies. In addition, a lawyer may counsel nonlawyers who wish to proceed pro se.
Other than as authorized by law, a lawyer who is not admitted to practice in Florida violates subdivision (b) if the lawyer establishes an office or other regular presence in Florida for the practice of law. Presence may be regular even if the lawyer is not physically present here. Such a lawyer must not hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.
There are occasions in which a lawyer admitted and authorized to practice in another United States jurisdiction or in a non-United States jurisdiction may provide legal services on a temporary basis in Florida under circumstances that do not create an unreasonable risk to the interests of his or her clients, the public, or the courts. Subdivisions (c) and (d) identify such circumstances. This rule does not authorize a lawyer to establish an office or other regular presence in Florida without being admitted to practice generally here. Furthermore, no lawyer is authorized to provide legal services pursuant to this rule if the lawyer is disbarred or suspended from practice in any jurisdiction or has been disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule. The contempt must be final and not reversed or abated.
*1159 There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c). Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.
Subdivision (c) applies to lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory, or commonwealth of the United States. The word "admitted" in subdivision (c) contemplates that the lawyer is authorized to practice in the jurisdiction in which the lawyer is admitted and excludes a lawyer who while technically admitted is not authorized to practice because, for example, the lawyer is on inactive status. Subdivision (d) applies to lawyers who are admitted to practice law in a non-United States jurisdiction if the lawyer is a member in good standing of a recognized legal profession in a foreign jurisdiction, the members of which are admitted to practice as lawyers or counselors at law or the equivalent and subject to effective regulation and discipline by a duly constituted professional body or a public authority. Due to the similarities between the subsections, they will be discussed together. Differences will be noted.
Subdivisions (c)(1) and (d)(1) recognize that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in Florida. For these subdivisions to apply, the lawyer admitted to practice in Florida could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation.
Lawyers not admitted to practice generally in Florida may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted pursuant to formal rules governing admission pro hac vice or pursuant to formal rules of the agency. Under subdivision (c)(2), a lawyer does not violate this rule when the lawyer appears before a tribunal or agency pursuant to such authority. To the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority.
Subdivision (c)(2) also provides that a lawyer rendering services in Florida on a temporary basis does not violate this rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of such conduct include meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in Florida in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in Florida.
Subdivision (d)(2) is similar to subdivision (c)(2), however, the authorization in (d)(2) only applies to pending or potential proceedings before a tribunal to be held outside of the United States.
*1160 Subdivisions (c)(3) and (d)(3) permit a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in Florida if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services are performed for a client who resides in or has an office in the lawyer's home state, or if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation or otherwise if court rules or law so require. For the purposes of this rule, a lawyer who is not admitted to practice law in Florida who files more than 3 demands for arbitration or responses to arbitration in separate arbitration proceedings in a 365-day period shall be presumed to be providing legal services on a regular, not temporary, basis; however, this presumption shall not apply to a lawyer appearing in international arbitrations as defined in the comment to rule 1-3.11 (or elsewhere in these rules).
Subdivision (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in Florida that are performed for a client who resides or has an office in the jurisdiction in which the lawyer is authorized to practice or arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted but are not within subdivisions (c)(2) or (c)(3). These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers. When performing services which may be performed by nonlawyers, the lawyer remains subject to the Rules of Professional Conduct.
Subdivisions (c)(3), (d)(3), and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence such a relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, such as when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through regular practice of law in a body of law that is applicable to the client's particular matter.
Subdivision (d)(4) permits a lawyer admitted in a non-United States jurisdiction to provide certain services on a temporary basis in Florida that are performed for a client who resides in or has an office in the jurisdiction where the lawyer is authorized to practice or arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization but are not within subdivisions (d)(2) and (d)(3). The scope of the work the lawyer could perform under this provision would be limited to the services the lawyer may perform in the authorizing jurisdiction. For example, if a German lawyer came to the *1161 United States to negotiate on behalf of a client in Germany, the lawyer would be authorized to provide only those services that the lawyer is authorized to provide for that client in Germany. Subdivision (d)(5) permits a lawyer admitted in a non-United States jurisdiction to provide services in Florida that are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.
A lawyer who practices law in Florida pursuant to subdivisions (c), (d), or otherwise is subject to the disciplinary authority of Florida. A lawyer who practices law in Florida pursuant to subdivision (c) must inform the client that the lawyer is not licensed to practice law in Florida.
The Supreme Court of Florida has determined that it constitutes the unlicensed practice of law for a lawyer admitted to practice law in a jurisdiction other than Florida to advertise to provide legal services in Florida which the lawyer is not authorized to provide. The rule was adopted in 820 So.2d 210 (Fla.2002). The court first stated the proposition in 762 So.2d 392, 394 (Fla.1999). Subdivisions (c) and (d) do not authorize advertising legal services to prospective clients in Florida by lawyers who are admitted to practice in jurisdictions other than Florida. Whether and how lawyers may communicate the availability of their services to prospective clients in Florida is governed by rules 4-7.1 through 4-7.11.
A lawyer who practices law in Florida is subject to the disciplinary authority of Florida.
NOTES
[1] Because the proposed amendments deal with a unique issue, the Bar filed them separately from its annual rules submission.
[2] This opinion does not discuss purely editorial changes.
[3] In Kemp v. Florida East Coast Railway Co., 1 Fla. L. Weekly Supp. 385 (Fla. 4th Cir.Ct. May 13, 1993), the trial court denied a non-Florida attorney permission to appear pro hac vice after determining that members of the firm had "either appeared or moved to appear in approximately 25 cases in Florida" within three years. Id. at 385. The attorney in Kemp who was seeking pro hac vice admission had "appeared or moved to appear" in nine cases with nine different clients within two years. Considering the frequency of the appearances, this Court has a substantial interest in regulating the lawyers' practices.