986 So.2d 560 (2008)
In re AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.
No. SC08-135.
Supreme Court of Florida.
July 10, 2008.
Judge Robert T. Benton, II, Chair, Rules of Judicial Administration Committee, First District Court of Appeal, Tallahassee, Florida, John F. Harkness, Jr., Executive Director, and J. Craig Shaw, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
We have for consideration the regular-cycle report of proposed rule amendments filed by the Florida Bar's Rules of Judicial Administration Committee (RJA Committee). We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b)(4).

BACKGROUND
The RJA Committee proposes amendments to Florida Rules of Judicial Administration 2.130, Priority of Conflicting Appellate Rules; 2.140, Amending Rules of Court; 2.215, Trial Court Administration; 2.330, Disqualification of Trial Judges; and 2.545, Case Management.[1] Consistent with rule 2.140(b)(2), the RJA Committee published the proposals for comment and submitted them to the Board of Governors *561 of The Florida Bar. The Board of Governors approved the proposals by a vote of 38-0. No comments were received by the RJA Committee. The Court also published the proposals for comment. No comments were filed with the Court.

AMENDMENTS
We adopt all the RJA Committee's proposals, as explained below.
The title of rule 2.130 is changed to "Priority of Florida Rules of Appellate Procedure" to clarify the intent of the rule and avoid any implication of conflicts within the appellate rules. Subdivision (a) of rule 2.140, Amending Rules of Court, is amended to require rules committees to provide copies of final proposed rule changes to the RJA Committee within thirty days of committee approval, rather than by June 15 of the rules cycle, as currently required. This change will allow the RJA Committee to coordinate with other affected rules committees as approvals occur, rather than once a year.
The amendment to rule 2.215(g), Duty to Expedite Priority Cases, adds challenges involving elections and proposed constitutional amendments to the list of priority cases requiring expedited action by judges. New committee notes are added to rules 2.215 and 2.545, Case Management, to explain the relationship between the rules and to educate attorneys about bringing such cases to the court's attention.
The amendment to rule 2.330(c), Disqualification of Trial Judges; Motion, adds the requirement that a motion to disqualify a trial judge "include the dates of all previously granted motions to disqualify filed under this rule in the case and the dates of the orders granting those motions." Putting a successor judge on notice that a prior judge has been disqualified will help to ensure the proper standard is applied to successive motions. See Fla. R. Jud. Admin. 2.330(g) (providing that if a judge has been previously disqualified, the successor judge may rule on the truth or the facts alleged in support of a successive motion by the same party and shall not be disqualified unless the successor judge rules that he or she is in fact not fair or impartial in the case).

CONCLUSION
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2009, at 12:01 a.m.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 2.130. PRIORITY OF CONFLICTING APPELLATE RULESFLORIDA RULES OF APPELLATE PROCEDURE
The Florida Rules of Appellate Procedure shall control all proceedings in the supreme court and the district courts, and all proceedings in which the circuit courts exercise their appellate jurisdiction, notwithstanding any conflicting rules of procedure.

RULE 2.140. AMENDING RULES OF COURT
(a) Amendments Generally. The following procedure shall be followed for consideration of rule amendments generally *562 other than those adopted under subdivisions (d), (e), (f), and (g):
(1)-(4) [No Change]
(5) The Rules of Judicial Administration Committee shall also serve as a rules coordinating committee. Each rules committee shall have at least 1 of its members appointed to the Rules of Judicial Administration Committee to serve as liaison. All committees shall provide a copy of any proposed rules changes shall be submitted to the Rules of Judicial Administration Committee within 30 days of a committees affirmative vote to recommend the proposed change to the supreme court. The Rules of Judicial Administration Committee, which shall then refer all proposed rules changes to those rules committees that might be affected by the proposed change. All proposed changes shall be submitted by June 15 of each year of the rules cycle.
(6) [No Change]
(b)-(h) [No Change]

Committee Notes

[No Change]

RULE 2.215. TRIAL COURT ADMINISTRATION
(a)-(f)[No Change]
(g) Duty to Expedite Priority Cases. Every judge has a duty to expedite priority cases to the extent reasonably possible. Priority cases are those cases that have been assigned a priority status or assigned an expedited disposition schedule by statute, rule of procedure, case law, or otherwise. Particular attention shall be given to all juvenile dependency and termination of parental rights cases, and to cases involving families and children in need of services, and challenges involving elections and proposed constitutional amendments.
(h)-(i) [No Change]

Court Commentary

[No Change]

Committee Notes
2008 Amendment. The provisions in subdivision (g) of this rule should be read in conjunction with the provisions of rule 2.545(c) governing priority cases.

RULE 2.330. DISQUALIFICATION OF TRIAL JUDGES
(a)-(b) [No Change]
(c) Motion. A motion to disqualify shall:
(1) be in writing;
(2) allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification; and
(3) be sworn to by the party by signing the motion under oath or by a separate affidavit; and
(4) include the dates of all previously granted motions to disqualify filed under this rule in the case and the dates of the orders granting those motions.
The attorney for the party shall also separately certify that the motion and the client's statements are made in good faith. In addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080.
(d)-(j) [No Change]

RULE 2.545. CASE MANAGEMENT
(a)-(e) [No Change]

Committee Notes
The provisions in subdivision (c) of this rule governing priority cases should be read in conjunction with the provisions of *563 rule 2.215(g), governing the duty to expedite priority cases.
NOTES
[1] The RJA Committee also proposed an amendment to rule 2.510, Foreign Attorneys, which is being considered with other proposed amendments to that rule submitted by The Florida Bar in In re Amendments to the Rules Regulating the Florida Bar & the Florida Rules of Judicial Administration-Multijurisdictional Practice of Law, No. SC07-1844 (Fla. petition filed June 1, 2007).