991 So.2d 842 (2008)
In re AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR AND THE RULES OF JUDICIAL ADMINISTRATION-MULTIJURISDICTIONAL PRACTICE OF LAW.
No. SC07-1844.
Supreme Court of Florida.
September 11, 2008.
John F. Harkness, Jr., Executive Director, and Lori S. Holcomb, UPL Counsel, The Florida Bar, Tallahassee, Florida; Scott M. Dimond, Chair, Florida Rules of Judicial Administration Committee, Miami, Florida, for Petitioner.
Bill Wagner, Tampa, Florida, Responding with comments.
PER CURIAM.
The Florida Bar has filed a report recommending amendments to the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration regarding the multijurisdictional practice of law (MJP). We have jurisdiction. See art. V, §§ 2(a), 15, Fla. Const. We adopt the amendments, as modified herein.

BACKGROUND
In 2005, the Court issued In re Amendments to Rules Regulating Fla. Bar & Fla. Rules of Jud. Admin., 907 So.2d 1138 (Fla.2005), which adopted The Florida Bar's recommendations to establish rules that would immediately permit MJP in Florida.[1] Those amendments were the result of an extensive, well-deliberated process. Prior to the Court's adoption of the amendments, MJP was prohibited in Florida. See Fla. Bar v. Rapoport, 845 So.2d *843 874 (Fla.2003). Since MJP is a new form of legal service in Florida, and presents unique enforcement issues, the Court directed the Bar to "monitor the implementation of these amendments and any challenges that arise and report back to the Court within two years from the effective date of these amendments with recommendations for improvements or changes, if any." 907 So.2d at 1143.
In compliance with the Court's directive to study the implementation of MJP in Florida, the Bar has submitted a report that recommends amendments to the MJP rules. The proposed amendments were reviewed and approved by the Disciplinary Procedures Committee, the Bar Rules Committee, and the Board of Governors in accordance with rule 1-12.1 and Standing Board Policies. The proposed amendments were published for comment in the April 30, 2007, and May 15, 2007, issues of The Florida Bar News. The Bar states that, as of the date it filed the report with the Court, it had not received any comments regarding the proposed amendments. The Court republished the proposed amendments for comment in the November 15, 2007, issue of The Florida Bar News. The Court received only one comment.

DISCUSSION
The Bar proposes amendments to Rules Regulating the Florida Bar 1-3.11 (Appearance by Non-Florida Lawyer in an Arbitration Proceeding in Florida) and 4-5.5 (Unlicensed Practice of Law; Multijurisdictional Practice of Law). The proposals would eliminate confusion created by certain language in the current MJP rules and result in improved administration of the rules. After considering the Bar's petition, the Court adopts these two proposals.
The Bar also proposes amendments to Rule of Judicial Administration 2.510 (Foreign Attorneys) and the pro hac vice form motion that is contained in the rule.[2] However, rule 2.510 and the form motion are the province of the Rules of Judicial Administration Committee (RJAC). Further, while the Bar's proposals were pending before the Court, the RJAC filed its own report proposing amendments to rule 2.510. See In re Amendments to Florida Rules of Judicial Administration, 986 So.2d 560 (Fla.2008).
To consider the two reports proposing amendments to the same rule, the Court issued an order on March 6, 2008, directing the Bar and the RJAC to address several issues regarding the proposed amendments and possible conflicts. The Bar and RJAC submitted separate responses. They also submitted a joint response in which they suggest amending rule 2.510 and the pro hac vice form motion with the present proposals, in a manner that incorporates both the Bar and RJAC's proposed amendments. In support of that suggestion, the Bar and RJAC jointly filed revised amendments to rule 2.510 and the pro hac vice form motion. After considering the filings, as well as the comment filed by Mr. William Wagner, the Court hereby adopts the joint proposed amendments to rule 2.510 and the pro hac vice form motion; except the Court does not adopt the proposal to delete the pro hac vice form motion from rule 2.510.
The pro hac vice form motion shall remain in rule 2.510. Having the form motion published in the rule facilitates compliance with the pro hac vice requirements. *844 It provides a standardized form motion that is immediately available to anyone who reads the pro hac vice rule. For example, out-of-state attorneys seeking to comply with the rule immediately find the form motion when their research locates the pro hac vice rule.

CONCLUSION
Accordingly, we amend the Rules Regulating the Florida Bar and the Florida Rules of Judicial Administration as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2009, at 12:01 a.m.
It is so ordered.
QUINCE, C.J., WELLS, ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., and CANTERO, Senior Justice, concur.

APPENDIX

RULE 1-3.11 APPEARANCE BY NON-FLORIDA LAWYER IN AN ARBITRATION PROCEEDING IN FLORIDA
(a)-(d) [No Change]
(e) Content of Verified Statement for Leave to Appear. In all arbitration proceedings except international arbitrations, prior to practicing pursuant to this rule, the non-Florida lawyer shall file a verified statement with The Florida Bar and serve a copy of the verified statement on opposing counsel, if known. If opposing counsel is not known at the time the verified statement is filed with The Florida Bar, the non-Florida lawyer shall serve a copy of the verified statement on opposing counsel within 10 days of learning the identity of opposing counsel. The verified statement shall include:
(1) a statement identifying all jurisdictions in which the lawyer is currently eligible to practice law including the attorney's bar number(s) or attorney number(s);
(2) a statement identifying by date, case name, and case number all other arbitration proceedings in which the non-Florida lawyer has appeared in Florida in the preceding 5 years; however, if the case name and case number are confidential pursuant to an order, rule, or agreement of the parties, this information does not need to be provided and only the dates of prior proceedings must be disclosed;
(3) a statement identifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, as appropriate;
(4) a statement identifying the date on which the legal representation at issue commenced and the party or parties represented; however, if the name of the party or parties is confidential pursuant to an order, rule, or agreement of the parties, this information does not need to be provided and only the date on which the representation commenced must be disclosed;
(5) a statement that all applicable provisions of this rule have been read and that the verified statement complies with this rule;
(6) a certificate indicating service of the verified statement upon all counsel of record in the matter and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida *845 Bar; however, such fee may be waived in cases involving indigent clients; and
(7) a verification by the lawyer seeking to appear pursuant to this rule.
In addition, the copy of the verified statement filed with The Florida Bar must contain the social security number of the non-Florida attorney. This information need not be supplied to opposing counsel.

Comment

[No Change]

RULE 4-5.5 UNLICENSED PRACTICE OF LAW; MULTIJURISDICTIONAL PRACTICE OF LAW
(a) Practice of Law. A lawyer shall not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so.
(b) Establishing an Office and Holding Out as Lawyer Prohibited Conduct. A lawyer who is not admitted to practice in Florida shall not:
(1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law; or
(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida; or
(3) appear in court, before an administrative agency, or before any other tribunal unless authorized to do so by the court, administrative agency, or tribunal pursuant to the applicable rules of the court, administrative agency, or tribunal.
(c) Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction. A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule, may provide legal services on a temporary basis in Florida that:
(1) are undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter;
(2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer or a person the lawyer is assisting is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;
(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction and the services are not services for which the forum requires pro hac vice admission:
(A) if the services are performed for a client who resides in or has an office in the lawyer's home state, or
(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or
(4) are not within subdivisions (c)(2) or (c)(3), and
(A) are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is authorized to practice, or
(B) arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.
(d) Authorized Temporary Practice by Lawyer Admitted in a Non-United *846 States Jurisdiction. A lawyer who is admitted only in a non-United States jurisdiction, who is a member in good standing of a recognized legal profession in a foreign jurisdiction whose members are admitted to practice as lawyers or counselors at law or the equivalent and are subject to effective regulation and discipline by a duly constituted professional body or a public authority, and who has been neither disbarred or suspended from practice in any jurisdiction nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule does not engage in the unlicensed practice of law in Florida when on a temporary basis the lawyer performs services in Florida that:
(1) are undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter;
(2) are in or reasonably related to a pending or potential proceeding before a tribunal held or to be held in a jurisdiction outside the United States if the lawyer, or a person the lawyer is assisting, is authorized by law or by order of the tribunal to appear in such proceeding or reasonably expects to be so authorized;
(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding held or to be held in Florida or another jurisdiction and the services are not services for which the forum requires pro hac vice admission:
(A) if the services are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is admitted to practice, or
(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or
(4) are not within subdivisions (d)(2) or (d)(3), and
(A) are performed for a client who resides or has an office in a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization, or
(B) arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization; or
(5) are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.

Comment
Subdivision (a) applies to unlicensed practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person. A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice. A lawyer may be admitted to practice law in a jurisdiction on a regular basis or may be authorized by court rule or order or by law to practice for a limited purpose or on a restricted basis. Regardless of whether the lawyer is admitted to practice law on a regular basis or is practicing as the result of an authorization granted by court rule or order or by the law, the lawyer must comply with the standards of ethical and professional conduct set forth in these Rules Regulating the Florida Bar.
The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified *847 persons. This rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work. See rule 4-5.3. Likewise, it does not prohibit lawyers from providing professional advice and instruction to nonlawyers whose employment requires knowledge of law; for example, claims adjusters, employees of financial or commercial institutions, social workers, accountants, and persons employed in government agencies. In addition, a lawyer may counsel nonlawyers who wish to proceed pro se.
Other than as authorized by law, a lawyer who is not admitted to practice in Florida violates subdivision (b) if the lawyer establishes an office or other regular presence in Florida for the practice of law. Presence may be regular even if the lawyer is not physically present here. Such a lawyer must not hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.
Subdivision (b) also prohibits a lawyer who is not admitted to practice in Florida from appearing in a Florida court, before an administrative agency, or before any other tribunal in Florida unless the lawyer has been granted permission to do so. In order to be granted the permission, the lawyer must follow the applicable rules of the court, agency, or tribunal including, without limitation, the Florida Rules of Judicial Administration governing appearance by foreign attorneys.
There are occasions in which a lawyer admitted and authorized to practice in another United States jurisdiction or in a non-United States jurisdiction may provide legal services on a temporary basis in Florida under circumstances that do not create an unreasonable risk to the interests of his or her clients, the public, or the courts. Subdivisions (c) and (d) identify such circumstances. This rule does not authorize a lawyer to establish an office or other regular presence in Florida without being admitted to practice generally here. Furthermore, no lawyer is authorized to provide legal services pursuant to this rule if the lawyer is disbarred or suspended from practice in any jurisdiction or has been disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule. The contempt must be final and not reversed or abated.
There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c). Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.
Subdivision (c) applies to lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory, or commonwealth of the United States. The word "admitted" in subdivision (c) contemplates that the lawyer is authorized to practice in the jurisdiction in which the lawyer is admitted and excludes a lawyer who while technically admitted is not authorized to practice because, for example, the lawyer is on inactive status. Subdivision (d) applies to lawyers who are admitted to practice law in a non-United States jurisdiction if the lawyer is a member in good standing of a recognized legal profession in a foreign jurisdiction, the members of which are admitted to practice as lawyers or counselors at law or the equivalent and subject to effective regulation and discipline by a duly constituted professional *848 body or a public authority. Due to the similarities between the subsections, they will be discussed together. Differences will be noted.
Subdivisions (c)(1) and (d)(1) recognize that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in Florida. For these subdivisions to apply, the lawyer admitted to practice in Florida could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation. To the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing in court or before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority.
Lawyers not admitted to practice generally in Florida may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted pursuant to formal rules governing admission pro hac vice or pursuant to formal rules of the agency. Under subdivision (c)(2), a lawyer does not violate this rule when the lawyer appears before a tribunal or agency pursuant to such authority. As with subdivisions (c)(1) and (d)(1), Tto the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing in court or before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority.
Subdivision (c)(2) also provides that a lawyer rendering services in Florida on a temporary basis does not violate this rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of such conduct include meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in Florida in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in Florida.
Subdivision (d)(2) is similar to subdivision (c)(2), however, the authorization in (d)(2) only applies to pending or potential proceedings before a tribunal to be held outside of the United States.
Subdivisions (c)(3) and (d)(3) permit a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in Florida if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services are performed for a client who resides in or has an office in the lawyer's home state, or if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation or otherwise if court rules or law so require. The lawyer must file a verified statement with The Florida Bar in arbitration proceedings as required by rule 1-3.11 unless the lawyer is appearing in an international arbitration as defined in the comment to that rule. A *849 verified statement is not required if the lawyer first obtained the court's permission to appear pro hac vice and the court has retained jurisdiction over the matter. For the purposes of this rule, a lawyer who is not admitted to practice law in Florida who files more than 3 demands for arbitration or responses to arbitration in separate arbitration proceedings in a 365-day period shall be presumed to be providing legal services on a regular, not temporary, basis; however, this presumption shall not apply to a lawyer appearing in international arbitrations as defined in the comment to rule 1-3.11(or elsewhere in these rules).
Subdivision (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in Florida that are performed for a client who resides or has an office in the jurisdiction in which the lawyer is authorized to practice or arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted but are not within subdivisions (c)(2) or (c)(3). These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers. When performing services which may be performed by nonlawyers, the lawyer remains subject to the Rules of Professional Conduct.
Subdivisions (c)(3), (d)(3), and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence such a relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, such as when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through regular practice of law in a body of law that is applicable to the client's particular matter.
Subdivision (d)(4) permits a lawyer admitted in a non-United States jurisdiction to provide certain services on a temporary basis in Florida that are performed for a client who resides in or has an office in the jurisdiction where the lawyer is authorized to practice or arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization but are not within subdivisions (d)(2) and (d)(3). The scope of the work the lawyer could perform under this provision would be limited to the services the lawyer may perform in the authorizing jurisdiction. For example, if a German lawyer came to the United States to negotiate on behalf of a client in Germany, the lawyer would be authorized to provide only those services that the lawyer is authorized to provide for that client in Germany. Subdivision (d)(5) permits a lawyer admitted in a non-United States jurisdiction to provide services in Florida that are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.
A lawyer who practices law in Florida pursuant to subdivisions (c), (d), or otherwise is subject to the disciplinary authority *850 of Florida. A lawyer who practices law in Florida pursuant to subdivision (c) must inform the client that the lawyer is not licensed to practice law in Florida.
The Supreme Court of Florida has determined that it constitutes the unlicensed practice of law for a lawyer admitted to practice law in a jurisdiction other than Florida to advertise to provide legal services in Florida which the lawyer is not authorized to provide. The rule was adopted in 820 So.2d 210 (Fla.2002). The court first stated the proposition in 762 So.2d 392, 394 (Fla.1999). Subdivisions (c) and (d) do not authorize advertising legal services to prospective clients in Florida by lawyers who are admitted to practice in jurisdictions other than Florida. Whether and how lawyers may communicate the availability of their services to prospective clients in Florida is governed by rules 4-7.1 through 4-7.11 4-7.10.
A lawyer who practices law in Florida is subject to the disciplinary authority of Florida.

RULE 2.510.FOREIGN ATTORNEYS
(a) Eligibility. Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar; (2) is a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; (4) has failed to provide notice to The Florida Bar or pay the filing fee as required in subdivision (b)(7); or (5) is engaged in a "general practice" before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate representations shall be presumed to be a "general practice." In cases involving indigent clients, the court may waive the filing fee for good cause shown.
(b) Contents of Verified Motion. A form verified motion accompanies this rule and shall be utilized by the foreign attorney. The verified motion required by subdivision (a) shall include:
(1) a statement identifying all jurisdictions in which the attorney is an active member in good standing and currently eligible to practice law including all assigned bar numbers and attorney numbers;
(2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied;
(3) a statement identifying all jurisdictions in which the attorney has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the attorney has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation;
*851 (4) a statement identifying the date on which the legal representation at issue commenced, and the party or parties represented;
(5) a statement that all applicable provisions of these rules and the Rules Regulating the Florida Bar have been read, and that the verified motion complies with those rules;
(6) the name, record bar address, and membership status of the Florida Bar member or members associated for purposes of the representation;
(7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar or notice of the waiver of the fee; and
(8) a verification by the attorney seeking to appear pursuant to this rule and the signature of the Florida Bar member or members associated for purposes of the representation.
 IN THE CIRCUIT COURT OF THE
 _________ JUDICIAL CIRCUIT,
 IN AND FOR __________
 COUNTY, FLORIDA
 Case No. _______
_______________
 Plaintiff
 Division ________
VS.
________________
 Defendant

VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.061
Comes now ___________, Movant herein, and respectfully represents the following:
1. Movant resides at _____________________ (Street Address), ________________ (City), __________ (County), ___________________ (State), _________ (Zip Code), _______________ (Telephone with area code), _____________ (Social Security Number) and is not a resident of the State of Florida.
2. Movant is an attorney and a member of the law firm of (or practices law under the name of) ________________, with offices at ______________ (Street Address), ______________ (City), ____________ (County), _______________ (State), ___________________ (Zip Code), ________________ (Telephone).
3. Movant has been retained personally or as a member of the above-named law firm on ____________ (Date Representation Commenced) by ______________________ (Name of Party or Parties) to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.
4. Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s):
(attach additional sheet if necessary) ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________
*852 5. There are no disciplinary proceedings pending against Movant, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(attach additional sheet if necessary) ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________
6. Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(attach additional sheet if necessary) ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________
7. Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(attach additional sheet if necessary) _______________________________________________ _______________________________________________ _______________________________________________ _______________________________________________ _______________________________________________
8. Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(attach additional sheet if necessary) _______________________________________________ _______________________________________________ _______________________________________________ _______________________________________________ _______________________________________________
9. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.
10. Movant is not an inactive member of The Florida Bar.
11. Movant is not now and has never been a member of The Florida Bar.
12. Movant is not a suspended member of The Florida Bar.
13. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.
14. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.061, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt):
(attach additional sheet if necessary) ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________ ______________________________________________
15. Movant has filed motion(s) to appear as counsel in Florida state courts *853 during the past five (5) years in the following matters:
(attach additional sheet if necessary)

Date of Case Case Motion
Motion Name Number Court Granted/Denied
__________________________________________
__________________________________________
__________________________________________
__________________________________________
__________________________________________

16. Local counsel of record associated with Movant in this matter is ___________________ (Name and Florida Bar Number) who is an active member in good standing of The Florida Bar and has offices at __________________ (Street Address), ___________ (City), _____________ (County), __________ Florida, __________ (Zip Code), ____________ (Telephone with area code).
(If local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status ____________________)
17. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.061 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.
18. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.
WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.
DATED this ________ day of ____________, 20____.
 __________________
 Movant
STATE OF ____________________
COUNTY OF ____________________
I, _______________________, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.
 ________________
 Movant/Affiant
The foregoing instrument was acknowledged before me this ____ day of _____________, 20____, by __________________ who is personally known to me or who has produced _____________ as identification and who did take an oath.
_____ day of _________, 20_____.
____________________ Notary Public
Notary Public (Signature)
_______________________
(Printed or Typed Name)
Commission Number:______________
My commission expires: _____
I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.061.
DATED this ____ day of __________, 20_______.
 _______________
 Local Counsel of Record
 ______________
 Florida Bar Number

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by U.S. mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX accompanied by payment of the $250.00 filing *854 fee made payable to The Florida Bar and to
_______________________________________ _________________________________________
Name and Address of All Counsel of Record and of Parties Not Represented by Counsel this ________ day of _____________, 20______.
 ______________
 Movant
 IN THE _________ COURT OF THE
 ______ JUDICIAL CIRCUIT,
 IN AND FOR ________
 COUNTY, FLORIDA
 Case No. _________
__________________
 Plaintiff
 Division _______
VS.
_____________________
 Defendant

VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510
Comes now ________________, Movant herein, and respectfully represents the following:
1. [ ] Movant resides in ___________________________________ (city), ______________ (State). Movant is not a resident of the State of Florida.
[ ] Movant is a resident of the State of Florida and has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar.
2. Movant is an attorney and a member of the law firm of (or practices law under the name of) __________________, with offices at ___________________ (Street Address), _______________ (City), ____________ _________ (County), __________ (State), _____________ (Zip Code), __________ (Telephone)
3. Movant has been retained personally or as a member of the above named law firm on __________, (Date Representation Commenced) by ________________________ (Name of Party or Parties) to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.
4. Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s): Include attorney or bar number(s).
(Attach an additional sheet if necessary.)
JURISDICTION ATTORNEY/BAR NUMBER ________________________________________ ________________________________________ ________________________________________ ________________________________________ ________________________________________
5. There are no disciplinary proceedings pending against Movant, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(Attach an additional sheet if necessary.) ________________________________________ ________________________________________ ________________________________________ ________________________________________ ________________________________________
*855 6. Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(Attach an additional sheet if necessary) _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________
7. Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(Attach an additional sheet if necessary.) _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________
8. Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):
(Attach an additional sheet if necessary.) _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________
9. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.
10. Movant is not an inactive member of The Florida Bar.
11. Movant is not now a member of The Florida Bar.
12. Movant is not a suspended member of The Florida Bar.
13. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.
14. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons there for, and court imposing contempt):
(Attach an additional sheet if necessary.) _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________ _____________________________________________
15. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters:
(Attach additional sheet if necessary)

Date of Case Case Date Motion
Motion Name Number Court Granted/Denied
_____________________________________________
_____________________________________________
_____________________________________________
_____________________________________________
_____________________________________________

16. Local counsel of record associated with Movant in this matter is __________________ (Name and *856 Florida Bar Number) who is an active member in good standing of The Florida Bar and has offices at _________________ (Street Address), ________________ (City), ________ (State), ________________ (Zip Code), ______________ (Telephone with area code).
(If local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status______________).
17. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.
18. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.
WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.
DATED this ____ day of ___________, 20______.
 ____________________
 Movant
 ____________________
 Address
 ____________________
 Address
 ____________________
 City, State, Zip Code
 ______________________
 Telephone Number
STATE OF ____________
COUNTY OF ____________
I, ______________, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.
 _________________________
 Movant
I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.
DATED this _____ day of __________, 20______.
 ___________________________
 Local Counsel of Record
 ___________________________
 Address
 ___________________________
 Address
 ___________________________
 City, State, Zip Code
 ___________________________
 Telephone Number
 ___________________________
 Florida Bar Number

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by U.S. mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX accompanied by payment of the $250.00 filing fee made payable to The Florida Bar and to
______________________________________ ___________________________________________
Name and Address of All Counsel of Record and of Parties Not Represented by Counsel this ____ day of ____________, 20____.
*857
 ___________________
 Movant
NOTES
[1] Described briefly, the multijurisdictional practice of law is when a lawyer is permitted to provide legal services, pursuant to limiting parameters, in a jurisdiction where the lawyer is not licensed to practice law.
[2] Rule 2.510 requires an out-of-state attorney seeking to appear in Florida to file a motion to appear pro hac vice and to send a copy of his motion to The Florida Bar. Further, the current rule mandates the use of a pro hac vice form motion, which is part of the rule.