PER CURIAM.
The Florida Bar . petitions this Court to adopt amendments to the Rules Regulating The Florida Bar, including a new rule, as follows: rule 1-3.2 (Membership Classifications); rule 2-9.3 (Legislative Policies); rule 3-2.1 (Definitions; Generally); rule 3-3.3 (Counsel for The Florida Bar); rule 3-3.4 (Grievance Committees); rule 3-5.2 (Emergency Suspension and Probation); rule 3-5.3 (Diversion of Disciplinary Cases to Practice and Professionalism Enhancement Programs); rule 3-7.2 (Procedures upon Criminal or Professional Misconduct; Discipline upon Determination or Judgment of Guilt of Criminal Misconduct); rule 3-7.4 (Grievance Committee Procedures); rule 3-7.5 (Procedures before the Board of Governors); rule 3-7.6 (Procedures before a Referee); rule 3-7.7 (Procedures before Supreme Court of Florida); rule 3-7.9 (Consent Judgment); rule 3-7.10 (Reinstatement and Readmission Procedures); rule 4-1.5 (Fees for Legal Services); rule 4-1.8 (Conflict of Interest; Prohibited Transactions); rule 4-1.9 (Conflict of Interest; Former Client); rule 4-1.15 (Safekeeping Property); rule 4-5.3 (Responsibilities Regarding Nonlawyer Assistants); new rule 4-5.7 (Responsibilities Regarding Nonlegal Services); rule 4-7.2 (Communications Concerning a Lawyer’s Services); rule 4-7.4 (Direct Contact with Prospective Clients); rule 4-7.6 (Computer Accessed Communications); rule 4-7.7 (Evaluation of Advertisements); rule 4-7.10 (Firm Names and Letterhead); rule 5-1.1 (Trust Accounts); rule 5-1.2 (Trust Accounting Records and Procedures); rule 10-2.1 (UPL Definitions; Generally); rule 10-3.2 (Duties of the Standing Committee); rule 10-3.3 (Appointment of Staff. Counsel and Bar Counsel); rule 10-4.1 (UPL Circuit Committees; Generally); rule 10-5.1 (Complaint Processing); rule 10-6.1 (Hearings); rule 10-6.2 (Subpoenas); rule 10-6.3 (Recommendations and Disposition of Complaints); rule 10-7.1 (Proceedings for Injunctive Relief); ■ rule 10-8.1 (Confidentiality; Files); rule ■ 15-1.1 (Review of Lawyer Advertisements and Solicitations; Generally; Purpose); rule 17-1.3 (Authorized House Counsel Rule; Generally; Activities).
Notice of the proposed amendments was published in The Florida Bar News and several comments were received in response.[1] The comments were considered *212 by the Bar and this Court, and we have heard oral argument on the Bar’s proposals. We have jurisdiction. See art. V, § 15, Fla. Const. With the exception of rule 3-7.6, we adopt the proposed amendments as submitted.
Many of the proposed amendments are administrative changes, reflecting the Bar’s current organizational structure; many others are editorial changes. Further, rules 4-7.3, 4-7.5 and 4-7.8 have been amended solely to reflect the renumbering of subdivisions in other rules. We here discuss some of the proposed substantive amendments.

Rule 1-3.2, Membership Classifications

In response to the Court’s request that the Bar draft a proposed amendment to provide a fast-track procedure for addressing allegations of failure to comply with special conditions of admission, the Bar proposed the following amendment to subdivision (b):
(b) Conditionally Admitted Members. ■ The ■ Supreme Court of Florida may admit a person with a prior history of drug, alcohol, or psychological problems to membership in The Florida Bar and impose conditions of probation as .the court deems appropriate upon that member. The period of probation shall be no longer than 5 years, or for such indefinite period of time as the court may deem appropriate by conditions in its order. The conditions may include, but not be limited to, participation in a rehabilitation program, periodic blood and urine analysis, periodic psychological examinations, or supervision by another member of The Florida Bar. The probation shall be monitored by The Florida Bar and the costs thereof shall be paid by the member on probation. A failure to observe the conditions of probation or a finding of probable cause as to conduct of the member committed during the period of probation may terminate the probation and subject the member to all available grievance-procedures under the Rules of Discipline disciplinary sanctions. Proceedings to determine compliance with conditions of admission shall be processed as matters of contempt and commenced as provided elsewhere in these Rules Regulating The Florida Bar, If necessary, the court may assign a judicial referee to take testimony, receive evidence, and make findings of fact in the manner prescribed in the rule concerning procedures before a referee. The findings of the referee may be appealed as provided in the rule for procedures before the supreme court.
The Bar received one comment, from Florida Lawyers Assistance, Inc. (FLA, Inc.), on this proposal to amend rule 1-3.2(b). FLA, Inc. expressed concern that the proposed amendment did not acknowledge that many conditionally admitted members may have diseases (i.e., substance abuse or psychological impairments) that may manifest as noncompliance. After receipt of the FLA, Inc. comment and with the agreement of FLA, Inc., the Bar proposed a partial revision to its proposal to read: “Proceedings to determine compliance with conditions of admission shall be processed in the same manner as matters of contempt and commenced as provided elsewhere in these Rules Regulating The Florida Bar.” We accept the compromise between FLA, Inc. and the Bar, and we adopt the revised language.

Rule 3-7.6, Procedures Before a Referee

We have added a Court Commentary to this rule to provide guidance to referees in *213 disciplinary proceedings, whose reports should be as detailed as possible so that this Court will not have to speculate about referees’ findings and recommendations or ask for clarification.

Rule 4-5.7, Responsibilities Regarding Nonlegal Services

This proposed new rule addresses the situation in which a lawyer provides both legal and nonlegal services to a client. The lawyer in that situation would be subject to the Rules of Professional Conduct for both services when: (1) the nonlegal services are indistinct from the legal services; (2) the nonlegal services are provided by a nonlegal entity with which the lawyer is affiliated; and (3) the lawyer reasonably should know that the recipient of the nonlegal services might believe that the nonlegal services are protected by the lawyer-client privilege. However, the rules would not apply in (2) and (3) when the lawyer makes reasonable efforts, preferably in writing, to avoid misunderstanding on the part of the recipient of the services about the protection of the lawyer-client privilege.
Attorney Timothy P. Chinaris submitted a comment urging that the written disclosure be mandatory rather than discretionary. Mr. Chinaris points out that written disclosure requirements exist throughout the Rules Regulating The Florida Bar, see, e.g., rules 4 — 1.5(f); 4-1.8(a), and are the best protection for the lawyer because a client’s subjective belief is the standard for determining whether a lawyer-client relationship exists. Furthermore, he contends that a written disclosure is the best protection for the public because the written disclosure will aid the public to better understand the difference between legal and nonlegal services.
The Bar agrees that a writing is preferable, but does not advocate a writing requirement because there is no guarantee that clients will understand the written disclosure, and unwary lawyers could be disciplined for failure to create a writing even when they diligently explained the situation to their clients.
The Bar studied this matter for over two years. Comment was invited from all sections and committees of The Florida Bar, and the matter was the focus of an All Bar Conference. The Special Committee on Multidisciplinary Practice and Ancillary Business found that lawyers commonly engage in ancillary businesses such as title insurance companies and investigative, paralegal, and trust services. The Florida Bar Ethics Hotline has received inquiries from lawyers about combining a law practice with a used car lot, a coffee shop,' a magnetic resonance imaging center, a doctor’s office, accountants, financial planners, guardians, elder 'care helpers, stockbrokers, patent research companies, dentists, mental health counselors,- mediators, arbitrators, lease audit firms, and. sports agents. After much study and consideration of similar rules adopted by our sister states and the American Bar Association, the Bar opted for the rule adopted in Pennsylvania. Based on. its years of study, we defer to the Bar in this matter. Should the Court learn that problems have developed because written disclosures have not been provided, we will consider amending subdivision (d), to mandate the written disclosure.
Accordingly, we amend the Rules Regulating The Florida Bar as provided in the appendix. New language is indicated by underscoring; deletions are indicated by struck-through type. We have edited the amendments for style and grammar. The comments are included for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall take effect immediately.
It is so ordered.
*214 WELLS, C.J., and SHAW, HARDING, ANSTEAD, and LEWIS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.

. Comments were received from Florida Alliance of Legal Assistants/Paralegals; Florida Lawyers Assistance, Inc.; Attorney Timothy P. Chinaris; American Insurance Association and Florida Insurance Council; and Ameri *212 can International Companies, for which we are appreciative.