# Supreme Court of Florida

No. SC21-1379

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-5.5.**

February 17, 2022

PER CURIAM.

Previously, in *Florida Bar re Advisory Opinion—Out-of-State Attorney Working Remotely from Florida Home*, 318 So. 3d 538 (Fla. 2021), we approved a proposed advisory opinion from the Standing Committee on the Unlicensed Practice of Law on whether it constitutes the unlicensed practice of law for an out-of-state licensed attorney to work remotely from Florida.[1] The Standing Committee determined that an out-of-state licensed attorney that lives in Florida, does not hold out to the public as having a presence in Florida for the practice of law, and merely works remotely for an out-of-state employer on matters not connected to Florida has not

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

established an office or a regular presence in Florida for the practice of law, as prohibited by Rule Regulating the Florida Bar 4-5.5(b)(1). 318 So. 3d at 541-42.

Following our decision in *Florida Bar re Advisory Opinion—Out-of-State Attorney Working Remotely from Florida Home*, we asked The Florida Bar (Bar) to consider amending the comment to rule 4-5.5 to identify the circumstances under which an out-of-state licensed attorney may work remotely from Florida. The Bar has submitted a petition proposing such an amendment, as well as a number of minor editorial and technical changes to rule 4-5.5. The proposed amendments were approved by the Board of Governors of The Florida Bar, and consistent with rule 1-12.1(g), the Bar published formal notice of its petition in *The Florida Bar News.* The notice directed interested parties to file comments directly with the Court. No comments were received.

Having considered the Bar's petition, we adopt these straightforward amendments to rule 4-5.5 with some minor modifications. The comment to rule 4-5.5 is amended to clarify that:

[A] lawyer licensed in another United States jurisdiction does not have a regular presence in Florida for the practice of law when the lawyer works remotely while physically located in Florida for an extended period of time if the lawyer works exclusively on non-Florida matters, and neither the lawyer nor any firm employing the lawyer hold out to the public as having a Florida presence.

Accordingly, Rule Regulating the Florida Bar 4-5.5 is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, Michael G. Tanner, President, Gary S. Lesser, President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULES REGULATING THE FLORIDA BAR
CHAPTER 4 RULES OF PROFESSIONAL CONDUCT
4-5 LAW FIRMS AND ASSOCIATIONS
RULE 4-5.5 UNLICENSED PRACTICE OF LAW;
MULTIJURISDICTIONAL PRACTICE OF LAW**

**(a)**  [No Change]

**(b)  Prohibited Conduct.**  A lawyer who is not admitted to practice in Florida may not:

(1)-(2)  [No Change]

(3)  appear in court, before an administrative agency, or before any other tribunal unless authorized to do so by the court, administrative agency, or tribunal ~~pursuant to the~~under applicable rules of the court, administrative agency, or tribunal.

**(c)  Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction.**  A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted ~~pursuant to~~under this rule, may provide legal services on a temporary basis in Florida that are:

(1)-(2)  [No Change]

(3)  in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, ~~and~~ the services are not services for which the forum requires pro hac vice admission, and the services:

(A)  ~~if the services~~ are performed for a client who resides in or has an office in the lawyer's home state~~,~~; or

(B) ~~where the services arise out of or are~~arise from or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or

(4) not within subdivisions (c)(2) or (c)(3), and:

(A) are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is authorized to practice~~,~~; or

(B) [No Change]

**(d) Authorized Temporary Practice by Lawyer Admitted in a Non-United States Jurisdiction.** A lawyer who is admitted only in a non-United States jurisdiction who is a member in good standing of a recognized legal profession in a foreign jurisdiction whose members are admitted to practice as lawyers or counselors at law or the equivalent and are subject to effective regulation and discipline by a duly constituted professional body or a public authority, and who has been neither disbarred or suspended from practice in any jurisdiction nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted ~~pursuant to~~under this rule, does not engage in the unlicensed practice of law in Florida when on a temporary basis the lawyer performs services in Florida that are:

(1) undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter; ~~or~~

(2) in or reasonably related to a pending or potential proceeding before a tribunal held or to be held in a jurisdiction outside the United States if the lawyer, or a person the lawyer is assisting, is authorized by law or by order of the tribunal to appear in the proceeding or reasonably expects to be so authorized; ~~or~~

(3) in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding held or to be held in Florida or another jurisdiction

- 5 -

and the services are not services for which the forum requires pro hac vice admission if the services:

(A) ~~if the services~~ are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is admitted to practice~~,~~; or

(B) ~~where the services~~ arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; ~~or~~

(4) not within subdivisions (d)(2) or (d)(3)~~,~~ and:

(A) are performed for a client who resides or has an office in a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization~~,~~; or

(B) [No Change]

(5) [No Change]

**Comment**

Subdivision (a) applies to unlicensed practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person. A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice. A lawyer may be admitted to practice law in a jurisdiction on a regular basis or may be authorized by court rule or order or by law to practice for a limited purpose or on a restricted basis. Regardless of whether the lawyer is admitted to practice law on a regular basis or is practicing as the result of an authorization granted by court rule or order or by the law, the lawyer must comply with the standards of ethical and professional conduct set forth in these Rules Regulating the Florida Bar.

The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons. This rule does not prohibit a lawyer from employing the services of

paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work.  *See* rule 4-5.3.  Likewise, it does not prohibit lawyers from providing professional advice and instruction to nonlawyers whose employment requires knowledge of law; for example, claims adjusters, employees of financial or commercial institutions, social workers, accountants, and persons employed in government agencies.  In addition, a lawyer may counsel nonlawyers who wish to proceed pro se.

Other than as authorized by law, a lawyer who is not admitted to practice in Florida violates subdivision (b) if the lawyer establishes an office or other regular presence in Florida for the practice of law.  This prohibition includes establishing an office or other regular presence in Florida for the practice of the law of the state where the lawyer is admitted to practice.  For example, a lawyer licensed to practice law in New York could not establish an office or regular presence in Florida to practice New York law.  ~~Such~~That activity would constitute the unlicensed practice of law.  However, for purposes of this rule, a lawyer licensed in another jurisdiction who is in Florida for vacation or for a limited period of time, may provide services to their clients in the jurisdiction where admitted as this does not constitute a regular presence.  The lawyer must not hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida.  Presence may be regular even if the lawyer is not physically present here. <u>For purposes of this rule, a lawyer licensed in another United States jurisdiction does not have a regular presence in Florida for the practice of law when the lawyer works remotely while physically located in Florida for an extended period of time if the lawyer works exclusively on non-Florida matters, and neither the lawyer nor any firm employing the lawyer holds out to the public as having a Florida presence. *See Fla. Bar re Advisory Opinion—Out-of-State Att'y Working Remotely from Fla. Home,* 318 So. 3d 538 (Fla. 2021).</u>

Subdivision (b) also prohibits a lawyer who is not admitted to practice in Florida from appearing in a Florida court, before an administrative agency, or before any other tribunal in Florida<u>,</u> unless the lawyer has been granted permission to do so.  In order to

be granted the permission, the lawyer must follow the applicable rules of the court, agency, or tribunal, including, without limitation, the Florida Rules of General Practice and Judicial Administration governing appearance by foreign lawyers.  While admission by the Florida court or administrative agency for the particular case authorizes the lawyer's appearance in the matter, it does not act as authorization to allow the establishment of an office in Florida for the practice of law.  Therefore, a lawyer licensed in another jurisdiction admitted in a case in Florida may not establish an office in Florida while the case is pending and the lawyer is working on the case.

There are occasions in which a lawyer admitted and authorized to practice in another United States jurisdiction or in a non-United States jurisdiction may provide legal services on a temporary basis in Florida under circumstances that do not create an unreasonable risk to the interests of his or herthat lawyer's clients, the public, or the courts.  Subdivisions (c) and (d) identify these circumstances.  As discussed with regard to subdivision (b) above, this rule does not authorize a lawyer to establish an office or other regular presence in Florida without being admitted to practice generally herein Florida.  Furthermore, no lawyer is authorized to provide legal services pursuant tounder this rule if the lawyer is disbarred or suspended from practice in any jurisdiction or has been disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant tounder this rule.  The contempt must be final and not reversed or abated.

There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c).  Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.

Subdivision (c) applies to lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory, or commonwealth of the United States.  The word "admitted" in subdivision (c) contemplates that the lawyer is authorized to practice in the jurisdiction in which the

lawyer is admitted and excludes a lawyer who, while technically admitted, is not authorized to practice because, for example, the lawyer is on inactive status. Subdivision (d) applies to lawyers who are admitted to practice law in a non-United States jurisdiction if the lawyer is a member in good standing of a recognized legal profession in a foreign jurisdiction, the members of which are admitted to practice as lawyers or counselors at law or the equivalent and subject to effective regulation and discipline by a duly constituted professional body or a public authority. Due to the similarities between the ~~subsections~~subdivisions, they will be discussed together. Differences will be noted.

Subdivisions (c)(1)and (d)(1) recognize that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in Florida. For these subdivisions to apply, the lawyer admitted to practice in Florida could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation. To the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice ~~prior to~~before appearing in court or before a tribunal or to obtain admission ~~pursuant to~~under applicable rule~~(s)~~ ~~prior to~~before appearing before an administrative agency, this rule requires the lawyer to obtain that authority.

Lawyers not admitted to practice generally in Florida may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted ~~pursuant to~~under formal rules governing admission pro hac vice or ~~pursuant to~~ formal rules of the agency. Under subdivision (c)(2), a lawyer does not violate this rule when the lawyer appears before a tribunal or agency ~~pursuant to~~under this authority. As with subdivisions (c)(1) and (d)(1), to the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice ~~prior to~~before appearing in court or before a tribunal or to obtain admission ~~pursuant to~~under applicable rules ~~prior to~~before

appearing before an administrative agency, this rule requires the lawyer to obtain that authority.

Subdivision (c)(2) also provides that a lawyer rendering services in Florida on a temporary basis does not violate this rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of this conduct include meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in Florida in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in Florida.

Subdivision (d)(2) is similar to subdivision (c)(2), however, the authorization in (d)(2) only applies to pending or potential proceedings before a tribunal to be held outside of the United States.

Subdivisions (c)(3) and (d)(3) permit a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in Florida if those services are in, or reasonably related to, a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services are performed for a client who resides in or has an office in the lawyer's home state, or if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation if court rules or law so require. The lawyer must file a verified statement with The Florida Bar in arbitration proceedings as required by rule 1-3.11, unless the lawyer is appearing in an international arbitration as defined in the comment to that rule. A verified statement is not required if the lawyer first obtained the court's permission to appear pro hac vice and the court has retained jurisdiction over the matter. For the purposes of this rule, a lawyer who is not admitted to practice law in Florida who files more than 3 demands for arbitration or responses to

arbitration in separate arbitration proceedings in a 365-day period is presumed to be providing legal services on a regular, not temporary, basis; however, this presumption does not apply to a lawyer appearing in international arbitrations as defined in the comment to rule 1-3.11.

Subdivision (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in Florida that are performed for a client who resides or has an office in the jurisdiction in which the lawyer is authorized to practice or arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted, but are not within subdivisions (c)(2) or (c)(3). These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers. When performing services which may be performed by nonlawyers, the lawyer remains subject to the Rules of Professional Conduct.

Subdivisions (c)(3), (d)(3), and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence this relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction, or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, for example when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through regular practice of law in a body of law that is applicable to the client's particular matter.

Subdivision (d)(4) permits a lawyer admitted in a non-United States jurisdiction to provide certain services on a temporary basis in Florida that are performed for a client who resides in or has an

office in the jurisdiction where the lawyer is authorized to practice or arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization, but are not within subdivisions (d)(2) and (d)(3).  The scope of the work the lawyer could perform under this provision would be limited to the services the lawyer may perform in the authorizing jurisdiction.  For example, if a German lawyer came to the United States to negotiate on behalf of a client in Germany, the lawyer would be authorized to provide only those services that the lawyer is authorized to provide for that client in Germany.  Subdivision (d)(5) permits a lawyer admitted in a non-United States jurisdiction to provide services in Florida that are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.

A lawyer who practices law in Florida ~~pursuant to~~under subdivisions (c), (d), or otherwise is subject to the disciplinary authority of Florida.  A lawyer who practices law in Florida ~~pursuant to~~under subdivision (c) must inform the client that the lawyer is not licensed to practice law in Florida.

The Supreme Court of Florida has determined that it constitutes the unlicensed practice of law for a lawyer admitted to practice law in a jurisdiction other than Florida to advertise to provide legal services in Florida which the lawyer is not authorized to provide.  The rule was adopted in 820 So. 2d 210 (Fla. 2002).  The court first stated the proposition in 762 So. 2d 392, 394 (Fla. 1999).  Subdivisions (c) and (d) do not authorize advertising legal services in Florida by lawyers who are admitted to practice in jurisdictions other than Florida.  Whether and how lawyers may communicate the availability of their services in Florida is governed by subchapter 4-7.

A lawyer who practices law in Florida is subject to the disciplinary authority of Florida.